**Filing # 48339047 E-Filed 11/01/2016 11:35:59 AM**

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT,
IN AND FOR DUVAL COUNTY,
FLORIDA

KATRINA BROWN,

               Plaintiff,                        CASE NO.: 16-2016-CA-004584

v.                                             DIVISION: CV-A

DIGITAL RISK, LLC, and
DIGITAL RISK MORTGAGE
SERVICES, LLC

               Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1.     This is a suit for damages and injunctive relief under the Florida Civil

Rights Act of 1992, Fla. Stat. Chapter 760 *et seq.* and 42 U.S.C. §1981 brought to

remedy employment discrimination based on race and unlawful retaliation.

### JURISDICTION

2.     This is an action for damages in excess of $15,000.00, exclusive of

prejudgment interest, costs, reasonable attorney fees and injunctive relief.

### PARTIES

3.     At all times relevant to this Complaint, Plaintiff is a black African-

American female.

FILED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 11/01/2016 03:46:09 PM

4.     Defendant Digital Risk, LLC is a foreign limited liability corporation doing business in Jacksonville, Florida.  At all times relevant to this Complaint, Defendant employed more than 15 persons, and was Plaintiff's employer within the meaning of the Florida Civil Rights Act.

5.     Defendant Digital Risk Mortgage Services, LLC is a foreign limited liability corporation doing business in Jacksonville, Florida.  At all times relevant to this Complaint, Defendant employed more than 15 persons, and was Plaintiff's employer within the meaning of the Florida Civil Rights Act.

## CONDITIONS PRECEDENT

6.     Plaintiff complied with all conditions precedent to the filing of this claim required by the Florida Civil Rights Act of 1992, §760.11 *Florida Statutes*.  A timely charge of discrimination was filed with the Florida Commission on Human Relations within 365 days of the discriminatory acts complained of herein.  This action was commenced within four years of the discriminatory acts complained of by Plaintiff.

## STATEMENT OF FACTS

7.     Plaintiff began employment as Component Servicing Analyst with Defendants on or about January 23, 2012 until Defendants' unlawful termination of her on July 13, 2012.

8.     On or about February to March 2012, Defendants denied Plaintiff promotions to lead positions.   Defendants promoted employees without posting these positions.   Moreover, Plaintiff scored high on an underwriting test given by Defendants and was promised a position by Defendants.

9.     On or about April 2012, Defendants placed Plaintiff on a performance improvement plan because her performance scores were allegedly low.   However, Defendants did not place similarly situated white employees on performance improvement plans.

10.     On or about May 2012, Defendants' Component Service Director Carl Messina and Defendants' Quality Assurance Manager Barbara Wilson, both are white, directed Defendants' Quality Assurance Team Lead Jovita Harper to alter performance scores by improving scores of white employees.   Harper refused to change scores based on race and accepted a demotion instead.

11.     On or about May 2012, Defendants claimed that Plaintiff mishandled the file process by requesting documents from clients that were previously requested.   Plaintiff had placed the documents under a process approved by management and used by all employees.   However, Defendants did not discipline Plaintiff for this conduct because it was shown that other employees engaged in the same conduct that Plaintiff allegedly committed.   At the time, Ms. Wilson would publicly raise her voice and yell at Plaintiff.

12.     Plaintiff complained to, including, but not limited to, Mr. Messina and Defendants' Human Resources Generalist Joe Singleton, who is white, that she was being treated differently than similarly situated employees who are not black African-American.

13.     On July 13, 2012, Defendants terminated Plaintiff's employment.

14.     Defendants' reasons for terminating Plaintiff were false and pretextual.   Defendants also treated Plaintiff differently than similarly situated employees who are not black African-American and/or did not complain to Defendants regarding illegal discrimination.

## COUNT I

### UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, §760.01, FLORIDA STATUTES, *ET. SEQ.*

15.     Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

16.     Plaintiff's race was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

17.     The reasons articulated by Defendants for Plaintiff's termination are pretext for unlawful discrimination based on race.   Moreover, Defendants treated Plaintiff differently than other individuals who are not African-American. Defendants' conduct violated the Florida Civil Rights Act.

4

18.    The race discrimination described above was done intentionally, willfully maliciously, and with a reckless disregard for Plaintiff's rights under state law.

19.    As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

20.    Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT II

### UNLAWFUL RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. §1981

21.    Plaintiff hereby restates and realleges each and every factual allegation contained in Paragraphs 1 through 14.

22. Plaintiff's race was a motivating factor in Defendants' decision to terminate Plaintiff's employment.

23. The reasons articulated by Defendants for Plaintiff's termination are pretext for unlawful discrimination based on race. Moreover, Defendants treated Plaintiff differently than other individuals who are not African-American. Defendants' conduct violated 42 U.S.C. §1981.

24. The race discrimination described above was done intentionally, willfully, maliciously, and with a reckless disregard for Plaintiff's rights under federal law.

25. As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

26. Plaintiff has retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorney's fees

and costs with prejudgment interest thereon, injunctive relief and reinstatement, and

any other such relief that Plaintiff may be entitled to under the law.


## COUNT III

### UNLAWFUL RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, §760.01, FLORIDA STATUTES, *ET. SEQ.*

27.    Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 14.

28.    Defendants unlawfully retaliated against Plaintiff based upon her asserting her legal rights and having complained of discrimination as described above.

29.    Defendants' conduct described above constitutes a violation of the Florida Civil Rights Act.

30.    Defendants' course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Florida law.  As a result of said retaliation, the Plaintiff has suffered damages.

31.    As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

32. Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

WHEREFORE, Plaintiff demands a trial by jury, and relief in the form of back pay and front pay, loss benefits, compensatory damages, damages for future pecuniary losses, emotional pain, suffering inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, punitive damages, attorney's fees and costs with prejudgment interest thereon, injunctive relief and reinstatement, and any other such relief that Plaintiff may be entitled to under the law.

## COUNT IV

### UNLAWFUL RETALIATION IN
### VIOLATION OF 42 U.S.C. §1981

33. Plaintiff hereby restates and realleges each and every allegation contained in paragraphs 1 through 14.

34.   Defendants unlawfully retaliated against Plaintiff based upon her asserting her legal rights and having complained of discrimination as described above.

35.   Defendants' conduct described above constitutes a violation of Federal law.

36.   Defendants' course of conduct described above was willful, malicious and with a reckless disregard of Plaintiff's rights under Federal law.   As a result of said retaliation, the Plaintiff has suffered damages.

37.   As a direct and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

38.   Plaintiff retained the undersigned attorneys and has agreed to pay them a reasonable fee for their services.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

MAGID & WILLIAMS, P.A.
3100 University Boulevard South
Suite 115
Jacksonville, Florida 32216
(904) 725-6161 – Telephone
(904) 725-3410 - Facsimile

Leonard S. Magid, Esq.
Florida Bar No. 0717101
len@magidwilliams.com
P. Daniel Williams, Esq.
Florida Bar No. 0036625
dan@magidwilliams.com
Attorneys for Plaintiff

10